IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARRY E. BUNDY, JR., *Plaintiff* | § § § § § § § § § § | A-19-CV-00736-LY-SH |
| v. | | |
| VICTORIA A. LIPNIC, COMMISSIONER, EEOC; AND TEXAS DEPARTMENT OF INSURANCE, *Defendants* | | |

## ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

Before this Court is Plaintiff Harry E. Bundy, Jr.'s ("Plaintiff") Application to Proceed In Forma Pauperis and Financial Affidavit in Support (Dkt. No. 2). The District Court referred the motion to the undersigned Magistrate Judge for a determination on the merits pursuant to a standing order of the Court, 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P.72, and Rule 1(c) of Appendix C to the Local Rules.

Plaintiff requests permission to file the instant lawsuit against the Equal Opportunity Employment Commission without being required to pay the filing fee. "There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "Section 28 U.S.C. § 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship." *Id.* (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983)). Undue financial hardship is a flexible

concept, but it generally means that the cost of the litigation will not prevent the applicant from also paying for the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In making the in forma pauperis determination, the Court may consider the total monetary resources available to the plaintiff. *Owens v. Covington Cty. Sheriff Dep't*, 2018 WL 6112977, at *1 (S.D. Miss. Oct. 17, 2018), *report and recommendation adopted*, 2018 WL 6133183 (S.D. Miss. Nov. 21, 2018).

In his affidavit, Plaintiff testifies he is unable to pre-pay the fees and costs of this cause or give security therefor. However, Plaintiff admits that he currently earns $2,400 per month and that his wife earns $3,320 per month. In addition, Plaintiff testifies that he owns three automobiles worth $18,500. Plaintiff's affidavit also shows that he owns a house but fails to state its value. A review of his monthly expenses shows that Plaintiff would not suffer undue hardship if required to pay the filing fee. *See Owens,* 2018 WL 6112977 at *1 (finding that requiring applicant to pay filing fee would not be an undue hardship where plaintiff had monthly income of $3,400 and owned two cars); *Williams v. Louisiana*, 2017 WL 3124332, at *2 (M.D. La. Apr. 14, 2017) (denying in forma pauperis status where plaintiff was employed and received a total monthly income of $3,775.65). Based on the foregoing, this Court finds that Plaintiff is not indigent and has the assets to pay the requisite filing fee in this case if he so chooses.

Accordingly, the Court **HEREBY DENIES** Plaintiff's Application to Proceed In Forma Pauperis (Dkt. No. 2) and **ORDERS** him to submit to the Clerk of the Court the $400.00 filing fee in this case on or before August 12, 2019. If Plaintiff does not pay the filing fee on or before August 12, 2019, the District Court will dismiss this cause without prejudice.

**IT IS FURTHER ORDERED** that this cause of action be **REMOVED** from the undersigned docket and **RETURNED** to the docket of the Honorable Lee Yeakel.

SIGNED this 1st day of August, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE